# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE SEDA-RODRIGUEZ,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>THE KENAN ADVANTAGE GROUP, INC.<br>　　　　　　Defendant. | Case No.:<br><br>_____<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, JOSE SEDA-RODRIGUEZ, by and through his attorneys, WEISBERG CUMMINGS, P.C., brings this civil action for damages against the above-named Defendant, THE KENAN ADVANTAGE GROUP, INC., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.*, and 28 U.S.C. §§1331 and 1343.

2. Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

3. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to

these claims occurred in this Judicial District, and under 42 U.S.C. § 2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

## THE PARTIES

4. Plaintiff, Jose Seda-Rodriguez ("Mr. Seda-Rodriguez"), is an adult male of Hispanic race, who resides in Dauphin County, Pennsylvania.

5. Defendant, The Kenan Advantage Group, Inc. ("KAG"), is an Ohio corporation with a headquarters and principal place of business located at 4366 Mt. Pleasant Street NW, North Canton, Ohio.

6. At all times relevant to this Complaint, KAG owned and operated a facility located at 157 Pyle Drive, Somerset, Somerset County, Pennsylvania (the "Somerset Facility"), to which Mr. Seda-Rodriguez reported.

## ADMINISTRATIVE PROCEEDINGS

7. On or about July 20, 2022, Mr. Seda-Rodriguez initiated a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was later formalized and docketed as Charge No. 530-2022-05766, with instruction to be cross-filed by the EEOC with the Pennsylvania Human Relations Commission ("PHRC") for purposes of being dual filed with the PHRC.

8. Mr. Seda-Rodriguez has been advised of his right to sue in federal court, which notice was dated September 14, 2022, and received thereafter.[1]

9. All necessary and appropriate administrative prerequisites with regard to the EEOC have occurred.

## STATEMENT OF FACTS

10. In or around May 2017, Mr. Seda-Rodriguez was hired by KAG to work as a Fuel Hauler.

11. Throughout his employment, Mr. Seda-Rodriguez was directed by KAG to park his work vehicle at a parking area located in Highspire, Dauphin County, Pennsylvania, at which location Mr. Seda-Rodriguez started and finished each work day.

12. Throughout his employment, Mr. Seda-Rodriguez reported to a General Manager who was based out of KAG's Somerset Facility, located in Somerset, Somerset County, Pennsylvania.

13. Mr. Seda-Rodriguez's primary job function was to transport fuel to customers of KAG and to deposit the fuel in underground storage tanks on the customers' properties.

---

[1] Mr. Seda-Rodriguez's claims for race discrimination were "dual-filed" with the PHRC on or about July 20, 2022. As such, Mr. Seda-Rodriguez intends to amend his Complaint to include these state claims once they become ripe one year from their PHRC filing date.

14. Each work day, Mr. Seda-Rodriguez was provided an itinerary, or route schedule, which detailed his fuel deliveries for the day. These route schedules were generated by a team of dispatch employees.

15. From in or around February 2020 until his termination from employment, Mr. Seda-Rodriguez reported to General Manager Doug Miller ("Mr. Miller") who worked out of KAG's Somerset Facility.

16. Following Mr. Miller's appointment as General Manager of the Somerset Facility, Mr. Miller treated Mr. Seda-Rodriguez differently than he treated Mr. Seda-Rodriguez's similarly situated, non-Hispanic coworkers, including Mr. Seda-Rodriguez's termination from employment.

17. In or around early 2021, Mr. Seda-Rodriguez's coworker, David Schock, made a racially disparaging statement to Mr. Miller in front of several KAG employees; specifically, he stated that Mr. Seda-Rodriguez and a Hispanic coworker of Mr. Seda-Rodriguez were only employed by KAG because KAG needed minority employees to get a tax break.

18. Mr. Miller did not reprimand nor correct Mr. Schock following the above statement.

19. Additionally, Mr. Seda-Rodriguez frequently heard Mr. Schock use the N-word in the workplace.

20. On or about March 16, 2022, Mr. Seda-Rodriguez noticed a discrepancy on his route schedule which would have resulted in excessive cost to KAG had it not been corrected. Mr. Seda-Rodriguez notified a dispatch employee of this discrepancy, dispatch refused to correct the issue and Mr. Seda-Rodriguez did not complete the route.

21. The following day, Mr. Seda-Rodriguez informed Mr. Miller of the issue with the route from the day prior and Mr. Miller agreed with Mr. Seda-Rodriguez that, without correcting the route schedule, it would have resulted in excess cost to KAG.

22. Two (2) days later, on or about March 18, 2022, Mr. Seda-Rodriguez was terminated for the above-described events on March 16, despite Mr. Miller's previous assurance that the route sheet for the day was incorrect.

23. Prior to this, Mr. Seda-Rodriguez never received a write-up pursuant to KAG's tiered discipline plan, but rather was immediately terminated.

24. This reason alleged by KAG for Mr. Seda-Rodriguez's termination was pretextual, as multiple non-Hispanic employees of KAG under Mr. Miller's supervision maintained employment despite committing terminable offenses in the workplace, including:

    a. Bob Durr, a Caucasian Fuel Hauler for KAG under Mr. Miller's supervision, mis-delivered fuel – on more than one occasion – into

5

the incorrect underground storage tank at a customer's delivery site, resulting in excessive cost to KAG to extricate the incorrect fuel. Mr. Durr maintained employment with KAG following these incidents.

b. Leroy Durr, a Caucasian Fuel Hauler for KAG under Mr. Miller's supervision, conducted a delivery route with a child relative in his commercial vehicle, which is strictly forbidden by KAG. Mr. Durr maintained employment with KAG following this incident.

c. Additionally, under information and belief, Ken Deimler, a Caucasian Fuel Hauler for KAG under Mr. Miller's supervision, refused to deliver, days after Mr. Seda-Rodriguez's termination, all or a portion of a load due to a discrepancy on his route schedule which would have resulted in excessive cost to KAG – the offense for which Mr. Seda-Rodriguez was allegedly terminated – and maintained his employment with KAG.

25. Based upon these facts and comparators, Mr. Seda-Rodriguez was discriminated against and subjected to disparate treatment from his similarly situated, non-Hispanic coworkers, including wrongful termination.

## COUNT I

### VIOLATIONS OF 42 U.S.C. § 1981
*Race Discrimination*

26. All prior paragraphs are incorporated herein as if set forth fully below.

27. At all times relevant herein, Mr. Seda-Rodriguez maintained or sought to maintain a contractual relationship with Defendant (*i.e.*, an employment relationship).

28. At all times relevant herein, Defendant acted by and through its agents, servants, and employees to intentionally discriminate against Mr. Seda-Rodriguez on the basis of his Hispanic race, and thereby deny him the benefits of the contractual relationship he entered with Defendant.

29. Mr. Seda-Rodriguez has suffered damages as a direct result of Defendant's aforesaid unlawful actions.

**WHEREFORE**, Plaintiff, Jose Seda-Rodriguez, seeks the damages against Defendant, The Kenan Advantage Group, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

### VIOLATIONS OF TITLE VII
*Discrimination - Race and Skin Color*

30. All prior paragraphs are incorporated herein as if set forth fully below.

31. Mr. Seda-Rodriguez was subjected to discrimination on the basis of his Hispanic race in violation of Title VII, as described above.

32. The race discrimination to which Mr. Seda-Rodriguez was subjected would have detrimentally affected any reasonable person in his position.

33. Defendant's failure to maintain a workplace free from race a discrimination was intentional, malicious, and in reckless indifference to Mr. Seda-Rodriguez's protected federal rights.

34. At all times relevant and material to this Complaint, Mr. Seda-Rodriguez was a member of a protected class.

35. As a result of Defendant's actions, Mr. Seda-Rodriguez had his reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule, and embarrassment before his family and friends, as well as sustained economic losses.

36. Mr. Seda-Rodriguez has suffered and continues to suffer irreparable harm as a result of Defendants' violation of her protected federal rights.

**WHEREFORE**, Plaintiff, Jose Seda-Rodriguez, seeks the damages against Defendant, The Kenan Advantage Group, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jose Seda-Rodriguez, prays that this Honorable Court enters judgment in his favor and against Defendant, The Kenan Advantage Group, Inc., and that it enters an Order as follows:

a. Defendant is to be permanently enjoined from discriminating, harassing, or retaliating against Plaintiff on the basis of his race, skin color, and/or any basis prohibited under applicable federal and law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating, harassing, or retaliating against employees based on their race and/or any basis prohibited under applicable federal and law, and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the

9

      date he first suffered discrimination, harassment and/or retaliation at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e. Plaintiff is to be awarded Punitive damages as provided for under Section 1981 and Title VII;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure the Defendant does not engage – or ceases engaging – in illegal retaliation against the Plaintiff or other witnesses to this action; and

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS P.C.**

Dated: December 8, 2022

*/s/ Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*